IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

SUNSHINE MILLS, INC.                                                                              PLAINTIFF

v.                                                    CIVIL ACTION NO. 1:20-cv-00115-GHD-DAS

NUTRA-BLEND, LLC                                                                                DEFENDANT

### ORDER GRANTING UNOPPOSED MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

On June 2, 2020, the Plaintiff filed its complaint [1] in this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. 1332 as the basis for federal jurisdiction. As the Defendant notes in its unopposed motion, however, while the Plaintiff asserted that the Court has personal jurisdiction over the Defendant, the Plaintiff did not provide sufficient facts related to the citizenship of the parties, which is necessary for the Court to possess subject matter jurisdiction over this dispute. The Defendant has now filed the present motion to dismiss, which the Plaintiff does not oppose, moving to dismiss this matter pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, because complete diversity of citizenship between the parties does not exist.

To establish diversity jurisdiction under 28 U.S.C. 1332(a), a plaintiff must in the complaint set forth facts showing that the amount if controversy exceeds $75,000.00 and is between citizens of different states. Diversity of citizenship "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling*, 542 F.3d 1077, 1079 (5th Cir. 2008).

In the case *sub judice*, as the Defendant has demonstrated in its motion and exhibits, complete diversity does not exist between the parties and thus the Court does not possess subject matter jurisdiction over this dispute. The Plaintiff is a Delaware corporation and thus a citizen of Delaware; the Defendant, which is a Limited Liability Company ("LLC"), is likewise a citizen of

Delaware. [Doc. 4-1]. See *Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, LLC*, 757 F.3d 481, 483 (5th Cir. 2014) (holding that citizenship of LLC is determined by citizenship of its members). Because the Court does not possess subject matter jurisdiction to adjudicate this dispute, the Defendant's unopposed motion to dismiss shall be granted and this matter dismissed.[1]

Accordingly, the Court hereby ORDERS that the Defendant's unopposed motion to dismiss [4] is GRANTED, and this matter is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction pursuant to Rules 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure.

SO ORDERED, this, the 5th day of March, 2021.

_____
SENIOR U.S. DISTRICT JUDGE

---

[1] The Court notes that the Plaintiff did not assert the existence of federal question jurisdiction under 28 U.S.C. 1331, and such jurisdiction is in any event not present given the purely state law claims for breach of contract and products liability asserted in the Plaintiff's complaint [1].